IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN BECKER | * | |
| Plaintiff *pro se* | * | |
| v. | * | CIVIL ACTION NO. L-12-865 |
| MARVIN LISS | * | |
| JUDGE TONI E. CLARKE | | |
| | * | |
| Defendants | | |

******

**MEMORANDUM OPINION**

Plaintiff Stephen Becker brings this self-represented action against Marvin Liss,[1] a private attorney, and Judge Toni E. Clarke of the Circuit Court for Prince George's County.  He asserts jurisdiction under 42 U.S.C. § 1983.  Mr. Becker complains that Judge Clarke entered an ex parte order against him, drafted by Liss, concerning child support.  Becker details his efforts to have the order vacated and his child support order modified.  He indicates that his driver's license was suspended for nonpayment of support.  He claims that unnamed employees of the Prince George's County Circuit Court, the Attorney Grievance Commission, and the State Commission on Judicial Disabilities have failed to investigate his complaints regarding the ex parte order.  ECF No. 1.

Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) which shall be granted.  Upon review of the Complaint, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e).  See Neitzke v. Williams, 490 U.S. 319 (1989); see also Denton

---

[1] Plaintiff describes Liss as a Maryland resident with four offices, three in Maryland, the fourth in the District of Columbia.  All of the acts complained of occurred in Maryland.  In the absence of any federal claim, this Court would have jurisdiction only where there is diversity of citizenship between Plaintiff and Defendant.  See 28 U.S.C. § 1332.  Because all of the parties are Maryland residents, there is no basis for diversity jurisdiction.

v. Hernandez, 504 U.S. 25 (1992); Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996); Nasim v. Warden, 64 F.3d 951 (4th Cir. 1995).

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. Stump v. Sparkman, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," Pierson v. Ray, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Mireles v. Waco, 502 U.S. 9, 10 (1991) (quoting Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872)). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. Stump, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. See Stump, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. Id. at 356-57.

A review of Plaintiff's allegations against Judge Clarke does not compel the conclusion that

the judge acted in clear absence of jurisdiction. Rather, Plaintiff's lawsuit is exactly the type of action that the Pierson Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached at the state court level, Mr. Becker has turned to this Court to assert allegations of unconstitutional acts against a state court judge. Because judicial immunity precludes the Plaintiff's recovery against Judge Clarke, sua sponte dismissal of Plaintiff's claims against the judge is appropriate.

Plaintiff's claims against Marvin Liss are also subject to dismissal. Two elements are essential to sustain an action under 42 U.S. C. § 1983. Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Because there is no allegation that Defendant Liss was acting under color of law, the claims against him shall be dismissed. See Polk County v. Dodson, 454 U.S. 312 (1981); Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (holding that there is no state action in the conduct of public defenders and attorneys appointed by the State of Maryland.)

Additionally, the claims raised in the Complaint plainly involve issues relating to family law matters litigated in the state court which may not proceed in this Court. See Moore v. Sims, 442 U.S. 415, 435 (1979). Such issues traditionally have been reserved to the state or municipal court systems with their expertise and professional support staff. Under the domestic relations exception to federal jurisdiction, federal courts do not have the power to intervene with regard to divorce, child custody, or alimony decrees. See Ankenbrandt v. Richards, 504 U.S. 689, 701–05 (1992). Additionally, the action is based upon the history of prior state court child support proceedings.

Under the Rooker-Feldman doctrine,[2] a federal court does not have jurisdiction to overturn a state court judgment, even when the federal complaint raises allegations that the state court judgment violates a claimant's constitutional or federal statutory rights.  In creating this jurisdictional bar, the Supreme Court reasoned that because federal district courts have only original jurisdiction, they lack appellate jurisdiction to review state court judgments.[3]  In effect, the Rooker-Feldman doctrine precludes federal court actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced."  Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 281 (2005).

A separate Order shall be entered reflecting the ruling set forth herein.

April 6, 2012                                                                    /s/
                                                                    _____
                                                                    Benson Everett Legg
                                                                    United States District Judge

---

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983).

[3] The Court explained that only the Supreme Court has federal court appellate jurisdiction over state court judgments.  See 28 U.S.C. § 1257.